## UNITED STATES *v.* HOWARD.

*(Circuit Court, D. Oregon. August 15, 1883.)*

1. INFORMATION—PENALTY PROVIDED IN SECTION 2148 OF THE REVISED STATUTES.

    Section 2148 of the Revised Statutes, section 2 of the act of August 18, 1856, (11 St. 80,) is in legal effect a prohibition against any person who has been removed from the Indian country returning thereto, and the penalty therein provided for its violation may be enforced by indictment or information.

2. REMEDY GIVEN BY SECTION 2124 OF THE REVISED STATUTES.

    Section 2124 of the Revised Statutes ought to be construed as only applicable to penalties imposed by the act of June 30, 1834, (4 St. 729,) of which it is a part; but if considered applicable at all to section 2148, *supra,* as being included

in title 28 of the Revised Statutes, the remedy therein provided for the enforcement of the penalty for returning to an Indian reservation is not exclusive of the common-law remedy by indictment or information, but only cumulative.

Information for Returning to the Siletz Reservation, contrary to section 2148 of the Revised Statutes.

*James F. Watson,* for plaintiff.

*H. Y. Thompson* and *Geo. H. Durham,* for defendant.

DEADY, J. On October 31, 1882, the district attorney filed an information in the district court charging Joseph Howard with the crime of returning to the Indian country, to-wit, the Siletz Indian reservation, after being removed therefrom by the Indian agent then in charge thereof. The case was afterwards transferred to this court, where the defendant was arraigned and tried upon a plea of not guilty, and a verdict found against him. Thereupon he filed a motion in arrest of judgment and for a new trial on various grounds, only one of which was insisted on at the argument of the motion, and that is: "The punishment sought to be inflicted upon the defendant cannot be inflicted in the course of a criminal prosecution, but the penalty only can be recovered in a civil action therefor."

The information is brought under section 2148 of the Revised Statutes, the same being taken from section 2 of the Indian appropriation act of August 18, 1856, (11 St. 80,) and reads as follows: "If any person who has been removed from the Indian country shall thereafter return or be found within the Indian country, he shall be liable to a penalty of $1,000."

By section 10 of the act of June 30, 1834, (4 St. 733; section 2147, Rev. St.,) Indian agents were authorized to remove from the Indian country "all persons found therein contrary to law," but no punishment was then provided in case of the return of any such person.

Section 2 of the former act referred to section 10 of the latter one, and declared that if any person who had been removed under said section 10 from "the Indian country," should thereafter return to or be found therein, "such offender shall forfeit and pay the sum of $1,000."

These two sections of the Revised Statutes occur in chapter 4 of title 28 thereof; and in chapter 3 of said title occurs section 2124,—the same being section 27 of the act of June 30, *supra,*—which provides:

"All penalties which shall accrue under this title shall be sued for and recovered in an action, in the nature of an action of debt, in the name of the United States, before any court having jurisdiction of the same, in any state or territory in which the defendant shall be arrested or found; one-half to the use of the informer, and the other half to the use of the United States, except when the prosecution shall be first instituted on behalf of the United States, in which case the whole shall be to their use."

Counsel for the defendant maintains that this section applies to a penalty incurred under section 2148, and excludes any other mode of

proceeding against the party incurring it than a civil action, as for a debt.

The rule is well settled that when a statute prohibits an act theretofore lawful, and imposes a penalty upon a party committing it, but prescribes no mode of proceeding to enforce it, such party may be prosecuted by indictment or information, and this mode of proceeding is not excluded by a subsequent statute prescribing another remedy. But if that portion of the statute containing the prohibition and penalty also prescribes a particular mode of proceeding to enforce the same, as a civil action to recover the penalty, as a debt, such proceeding is the only one that can be maintained. 1 Russ. Cr. 49; 1 Bish. Crim. Law, §§ 277, 278; 1 Whart. Crim. Law, §§ 24–26; *Rex* v. *Wright*, 1 Burr. 543.

Under this rule a party committing the act prohibited by section 2 of the act of 1856, *supra*, might have been prosecuted therefor criminally. There was no other mode of proceeding provided in the act.

Has the subsequent collation of this section in the Revised Statutes, into the same title with section 27 of the act of 1834, changed its character in this respect and restricted the means of its enforcement to the remedy prescribed by said section? Upon the face of the Revision, section 2148 is within the purview of section 2124, because it is in the same title; but I do not think that congress intended, in the enactment of this collation of these two statutes, to limit the mode of proceeding under section 2148 to the remedy prescribed in section 2124.

In *U. S.* v. *Bowen*, 100 U. S. 508, it is held that "when there is a substantial doubt as to the meaning of the language used in the Revision, the old law is a valuable source of information." But, when the meaning is plain, the courts cannot look to the statutes which have been revised to see if congress erred in that Revision, but may do so when necessary to construe doubtful language used in expressing the meaning of congress.

And by section 5600 of the Revision itself, it is declared that "the arrangement and classification of the several selections of the Revision have been made for the purpose of a more convenient and orderly arrangement of the same, and therefore no inference or presumption of a legislative construction is to be drawn by reason of the title under which any particular section is placed."

But, admitting that section 2148 is a contemporaneous enactment with section 2124, and a part of one and the same statute, the remedy provided in the latter section is not exclusive.

The rule seems to be that where a particular remedy is given for the commission or omission of an act prohibited or enjoined by statute, it is not exclusive, unless it is found in juxtaposition, or immediate connection, with the prohibitory or mandatory clause. *Rex* v. *Wright, supra;* Russ, Cr., *supra;* 1 Bish. Crim. Law, § 279. And the

section imposing the penalty contains no provision for its enforcement, and the general direction to proceed in such cases by a civil action is given in another section, in a title of the Revised Statutes, consisting of a collation of several distinct statutes on cognate subjects. Here a penalty is imposed on a person who returns to a reservation after being removed therefrom. Under the circumstances, this amounts to a prohibition against the act of returning. Therefore such act is illegal and criminal. It is committed in violation of a public law forbidding it. 4 Black, 5; *In re Pittock,* 2 Sawy. 421.

In the case of *U. S.* v. *Sturgeon,* 6 Sawy. 29, the defendants were proceeded against criminally in the district court of Nevada, under this section, 2148, for returning to the Pyramid lake reservation and taking fish there, and convicted; and the judgment was afterwards affirmed in the circuit court by Judge SAWYER.

The case appears to have turned, however, upon the questions, whether the reservation was "Indian country," and, if so, whether the defendants were there "contrary to law," without any objection being made to the mode of proceeding.

On the whole, my conclusion is that section 2124 ought to be construed as only applicable to the penalties imposed by the act of June 30, 1836, (4 St. 729,) of which it is a part, but if allowed to apply at all to section 2148, as being a part of title 28 of the Revised Statutes, still, it being a separate and distinct provision from section 2184, the remedy therein provided for a violation of this latter section is not exclusive of the one given by the common law, but only cumulative.

And therefore this section, 2148, being in legal effect a prohibition against the defendant's returning to the Siletz reservation, as he did, the penalty to which he is thereby made liable for so doing may be enforced against him by indictment or information.

The motion is denied, and the defendant ordered to appear for sentence.